JAMES JENKINS, JR., Doing Business as JENKINS ESSO SERVICE CENTER, Respondent, v. EDWARD EVANS, Doing Business as GLASS LAKE HOUSE, Appellant.— STALEY, JR., J. Appeal from an order of the County Court of Rensselaer County at Special Term, entered July 2, 1968 in Rensselaer County, which granted respondent's motion for summary judgment and denied appellant's cross motion for summary judgment. The respondent sues to recover the sum of $295, the face amount of two checks drawn upon the account of the Glass Lake House which were delivered to one William Payne as payee, by Albert L. Stickler, the managing agent of the Glass Lake House at Averill Park, New York. Thereafter, the said William Payne indorsed and delivered the checks to the respondent in payment of an obligation. The checks were

subsequently dishonored by the National Exchange Bank of Castleton-on-Hudson, New York. Respondent moved for summary judgment upon the ground that the respondent is a holder in due course, since he took the checks for value and in good faith, and without notice of any defense to it. Appellant cross-moved for summary judgment upon the grounds that the checks were signed by Albert L. Stickler, individually, and nowhere on the face of the instrument does it indicate that he signed on behalf of the Glass Lake House; that Albert L. Stickler was the maker of the checks, and is personally liable on the checks; that the checks were drawn without the authority of the appellant, and that upon information and belief, the said checks were used for personal obligations of Albert L. Stickler. The appellant admits that Albert L. Stickler was authorized to sign checks drawn upon the account of the Glass Lake House, and does not deny that the checks were drawn upon the check forms used by the Glass Lake House. Appellant does not deny that respondent is a holder in due course. Appellant's contention that he is not liable on the checks, since his signature does not appear thereon, and the words "Glass Lake House" do not appear above the signature line on the checks, is without merit. Any writing to be a negotiable instrument must be signed by the maker or drawer. (Uniform Commercial Code, § 3-104.) No person is liable on an instrument unless his signature appears thereon and a signature may be made by the use of any name. (Uniform Commercial Code, § 3-401.) Appellant authorized the use of the name and signature, and nothing upon the face of the check would indicate that it was necessary for Albert L. Stickler to indicate that he was signing in a representative capacity, or that his capacity to sign the checks was limited. It thus appears that the appellant's printed name and address at the top of the check establishes he is named in the instrument and that he clothed his agent, Albert L. Stickler, with authority to possess, issue, and sign checks drawn upon his account, and respondent took the checks in question without notice of any defense against them. (Uniform Commercial Code, § 3-403.) The respondent then is a holder in due course, and took the checks free from any and all defenses on the part of the appellant. (Uniform Commercial Code, §§ 3-302; 3-304, 3-305.) "The indication of agency or representation may appear in the body of the instrument as well as in the signature so as to preserve the person signing from individual liability. Thus, an instrument may be regarded as that of a principal although the name of the principal appears, not in the signature or promise, but on the blank or form on which the instrument is written." (11 Am. Jur. 2d, Bills and Notes, § 563; see, also, 42 N. Y. Jur., Negotiable Instruments, § 411; 10 C. J. S., Bills and Notes, § 32, subd. b.) The appellant is, therefore, bound to the obligation represented by the checks, and summary judgment was properly granted in favor of the respondent. Order affirmed, with costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley Jr. J.